**UNITED STATES of America**

v.

**Corey GREGORY, Appellant.**

**No. 08–3989.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 1, 2009.

Filed: Oct. 27, 2009.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, Glenn J. Moramarco, Esq., Office of United States Attorney, Camden, NJ, for United States of America.

Linda D. Foster, Esq., Office of Federal Public Defender, Newark, NJ, for Appellant.

BEFORE: McKEE, CHAGARES, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Corey Gregory pleaded guilty to being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). He appeals the sentence, arguing that it was substantively unreasonable. We review the District Court's sentence for substantive reasonableness under an abuse of discretion standard, taking into account the totality of the circumstances. For the reasons stated below, we will affirm.

Gregory argues on appeal that the District Court committed procedural error in failing to consider and adequately address his argument that § 2K2.1 should be given little weight. He argues that this Guidelines section was improperly formulated and that the District Court failed to give adequate consideration to this argument. We find this argument meritless. The record conclusively demonstrates that the District Court considered and ultimately rejected Gregory's argument. The District Court characterized Gregory's argument as alleging that § 2K2.1 had, over time, escalated in severity without a sufficient basis for that increase. The District Judge, after considering the argument, specifically determined that "[t]here's nothing about the so-called increases, in this Court's judgment, that required intervention." The District Court clearly considered and rejected Gregory's argument and we discern no procedural error in the District Court's response to Gregory's argument.

Since the District Court did not err procedurally, we will affirm a sentence as long as it falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors. A within-Guidelines sentence is more likely to be a reasonable one. As we have recently stated, "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir.2009) (en banc). In this case, the District Court concluded that an 80–month term of imprisonment was reasonable, and we agree. We will affirm the sentence.